**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5366-18T4

JEFFREY E. DODSON,

     Plaintiff-Respondent,

v.

KASHAN L. DODSON,

     Defendant-Appellant.

_____

Submitted December 9, 2020 – Decided January 21, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-1071-18.

Grissele Camacho, attorney for appellant.

Ehrlich, Petriello, Gudin, Plaza & Reed, PC, attorneys for respondent (Jeffrey W. Plaza, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant Kashan L. Dodson appeals the trial court's order denying her motion to vacate default. She

contends the court abused its discretion, and the default final judgment of divorce (FJOD) should be vacated due to plaintiff Jeffrey E. Dodson's fraud, misrepresentation, or other misconduct. We reverse because there was plain error in plaintiff's failure to comply with Rule 5:5-10 by notifying defendant of proposed final judgment before the default hearing.

After being personally served with plaintiff's pro-se divorce complaint, defendant failed to file a responsive pleading resulting in entry of default. In addition to seeking dissolution of the parties' twenty-four-year marriage alleging irreconcilable differences, the complaint demanded equitable distribution of debts and assets. Before the December 18, 2018 default hearing, plaintiff did not serve defendant a "Notice of Proposed Final Judgment" in accordance with Rule 5:5-10. The court entered a FJOD at the default hearing. Defendant did not appear.

About five months later, defendant through counsel moved under Rule 4:43-3 to vacate default to "be heard on the issues of alimony, equitable distribution, payment of college costs for their children, reimbursement of a PSE&G bill, life insurance, [her] maiden name, and counsel fees." The motion was not supported by any legal argument. Plaintiff retained counsel and opposed the motion.

Defendant's motion was decided on the papers and denied. In its oral decision, the court noted that because the FJOD was entered, defendant could only obtain relief under Rule 4:50-1, which governs vacation of a judgment, and not under Rule 4:43-3, which only allows for vacation of default. In analyzing the motion under the lens of Rule 4:50-1, the court found there was no basis to vacate the FJOD. Defendant appealed.

In a Rule 2:5-1(b) letter amplifying its decision, the court maintained that defendant's motion only sought to vacate default and did not address issues of equitable distribution or college education of the parties' children. The court noted that prior to the divorce litigation, defendant had represented herself in court proceedings pertaining to child support, custody, and college contribution prior to the divorce litigation, thereby demonstrating she "had no hesitation to assert her rights . . . without an attorney." The court further added defendant's contention that she waited to challenge plaintiff's complaint until she saved money to hire an attorney was "in no way" grounds to vacate a default judgment.

Pursuant to Rule 4:50-1(a)-(e), a court is authorized to relieve a party from a final judgment or order for reasons such as: mistake, inadvertence, or excusable neglect; certain newly discovered evidence; fraud; the judgment or order is void; or the judgment or order has been satisfied. Subsection (f) of Rule

4:50-1 provides a catch-all provision authorizing a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." The essence of subsection (f) is to achieve equity and justice in "exceptional" situations that cannot be easily categorized. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

There is no merit in defendant's contention that the court abused its discretion in denying her motion to vacate default FJOD under Rule 4:50-1. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (holding appellate courts review a trial court's decision on a motion to vacate a default judgment under Rule 4:50-1 for abuse of discretion). As the court explained, defendant did not move to vacate the FJOD, but sought to vacate default even though final judgment had been entered when her motion was made. Defendant's contention that she failed to file a timely answer to the complaint because she waited to save money to retain an attorney is not a basis under Rule 4:50-1 to excuse her inaction. There is no legal support for this contention, and as the court pointed out, defendant's self-represented court history belied her need to wait until she could hire an attorney to respond to plaintiff's complaint. There is also no evidence supporting defendant's contention that plaintiff committed fraud,

misrepresentation, or other misconduct by demanding equitable distribution of debts and assets in his complaint but not serving defendant a notice of proposed final judgment stating he was not pursuing equitable distribution and intended to retain his entire pension. Lastly, there is no merit to defendant's contention that plaintiff committed fraud, misrepresentation, or other misconduct by having his friend, a licensed attorney, sign the acknowledgment of service of the complaint incorrectly indicating he witnessed defendant's signature. Because defendant does not dispute that she was served the complaint, her contention has no import in deciding whether the FJOD should be vacated.

While plaintiff's failure to comply with Rule 5:5-10 does not constitute fraud or misrepresentation under Rule 4:50-1, we however conclude that his failure to comply warrants vacation of the FJOD. Since defendant did not raise plaintiff's failure to comply with the rule in her motion to vacate default, we analyze the issue employing the plain error standard under Rule 2:10-2. Scott v. Salerno, 297 N.J. Super. 437, 446-47 (App. Div. 1997) (citation omitted) ("Issues raised for the first time on appeal are not ordinarily considered by courts of review unless the issue relates to the jurisdiction of the trial court, concerns matters of great public importance, or constitutes plain error."). Plaintiff's failure to comply was "of such a nature as to have been clearly capable of

producing an unjust result" and, thus, we should consider it in the interest of justice.  R. 2:10-2.

Rule 5:5-10 mandates that where equitable distribution is sought and a default has been entered "the plaintiff must, at least 20 days prior to [the default] hearing, file and serve on the defaulting defendant a notice of application for relief with [case information statement] annexed, specifying with particularity the claims made for alimony, child support, equitable distribution and other affirmative relief."  Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 5:5-10 (2021).  The only exception to this requirement is when "a written property settlement agreement has been executed."  R. 5:5-10.  That was not the situation here.

Plaintiff asserts he did not have to comply with the notice requirements of Rule 5:5-10 because he neither sought equitable distribution at the default hearing nor was he awarded equitable distribution in the FJOD.  He also asserts the waiver of equitable distribution was mutual as defendant had a pension that would have been subject to equitable distribution and they wanted their long-term financial separation undisturbed.  We disagree.

Because plaintiff's complaint demanded equitable distribution, his failure to comply with Rule 5:5-10 violated defendant's due process rights.  He still had

to comply with the rule's notification requirements even though he did not seek and was not he awarded equitable relief in the FJOD. He breached the plain terms of the rule by not notifying defendant what relief he was seeking at the default hearing. There is no evidence the parties agreed to waive equitable distribution and the complaint was not amended to remove the demand for equitable distribution. Even though plaintiff's non-compliance with Rule 5:5-10 was not presented to the trial court, it would be unjust to allow the FJOD to stand given his non-compliance. Moreover, had defendant argued before the trial court that plaintiff did not comply with Rule 5:5-10, it would have been a basis to vacate the FJOD under Rule 4:50-1(f) because allowing entry of the FJOD without complying with Rule 5:5-10 was not just. The default FJOD is vacated.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5366-18T4